UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES CHARLESTON, et al. | No. 12 CR 532<br><br>Judge Matthew F. Kennelly |

AGREED PROTECTIVE ORDER GOVERNING DISCOVERY
OF FINANCIAL INSTITUTION MATERIALS

Upon the motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. All of the financial institution materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the financial institution materials") are subject to this protective order and may be used by defendants and defendants' counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendants and defendants' counsel shall not disclose the financial institution materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the financial institution materials as necessary to prepare the defense, but

may not retain copies without prior permission of the Court.

3. Defendants, defendants' counsel, and authorized persons shall not copy or reproduce the financial institution materials except in order to provide copies of the financial institution materials for use in connection with this case by defendants, defendants' counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original financial institution materials.

4. Defendants, defendants' counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the financial institution materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original financial institution materials.

5. Before providing financial institution materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

6. Upon conclusion of all stages of this case, all of the financial institution materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The financial institution materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such financial institution materials. In the event that the financial institution materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the financial institution materials are so maintained, and the financial institution materials may not be disseminated or used in connection with any other matter without further order of the Court.

7. To the extent any financial institution material is produced by the United States to defendants or defendants' counsel by mistake, the United States shall have the right to request the return of the financial institution material and shall do so in writing. Within five days of the receipt of such a request, defendants and/or defendants' counsel shall return all such financial institution material if in hard copy, and in the case of electronic financial institution materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

8. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case.

9. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____
MATTHEW F. KENNELLY
District Judge
United States District Court
Northern District of Illinois

Date: August 1, 2012